UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOEL ENGLISH WIFE OF/AND TOMMY BARRET | CIVIL ACTION |
| VERSUS | NO. 06-9114 |
| STATE FARM FIRE AND CASUALTY INSURANCE COMPANY | SECTION B(3) |

ORDER AND REASONS

Before the Court is Plaintiffs' Motion To Remand.  (Rec. Doc. No. 8).  After review of the pleadings and applicable law, and for the reasons that follow,

IT IS ORDERED that Plaintiffs' Motion is DENIED.

*BACKGROUND*

On or about August 29, 2005, Plaintiffs' property allegedly sustained damage as a result of Hurricane Katrina.   Plaintiffs' State Farm Fire And Casualty Company's[1] ("State Farm") homeowner's insurance policy was effective on August 29, 2005.

Plaintiffs filed suit against Defendant State Farm  in the 34th Judicial District Court For The Parish Of St. Bernard.  Defendant State Farm removed the matter to federal court claiming diversity of citizenship jurisdiction exists pursuant to 28 U.S.C. § 1332 and federal question jurisdiction exists under the Multiparty, Multiforum Trial Jursidiction Act (MMJTA) pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1)(B).

Defendant contends diversity of citizenship jurisdiction exists as the amount in controversy exceeds $75,000.00 and complete diversity exists between proper parties.  Plaintiffs contend diversity of citizenship jurisdiction does not exist as the amount in controversy does not exceed

---

[1]Erroneously referred to as State Farm Fire And Casualty Insurance Company.

1

$75,000.00.  Further, Plaintiff contends that the MMJTA is not applicable.  Therefore, Plaintiffs

claim this Court lacks jurisdiction and moves the Court to remand.

## *DISCUSSION*

**A.     Diversity Of Citizenship**

Civil actions may be removed from state court when the United States district courts have

original jurisdiction.  28 U.S.C. § 1441(a).  However, when original jurisdiction is not founded on

a claim "arising under the Constitution, treaties or laws of the United States," the action is

removable "only if none of the parties in interest properly joined and served as defendants is a

citizen of the State in which the action is brought."  28 U.S.C. § 1441(b).  Furthermore, the matter

in controversy must exceed "the sum or value of $75,000, exclusive of interests and costs. . . ."  28

U.S.C. § 1332.  All of the requirements of diversity jurisdiction contained in 28 U.S.C. § 1332 must

be satisfied to remove a case based on diversity.  *Smallwood v. Illinois Central Railroad Co.*, 385

F.3d 568, 572 (5th Cir. 2004).

The Louisiana Code of Civil Procedure prohibits a plaintiff from specifying a monetary

demand in his or her petition.  La. Code Civil Proc. Art 893(A)(1).  However, post-removal

affidavits may be considered to determine the amount in controversy when the basis for jurisdiction

is ambiguous.  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (citing *Association Nacional de*

*Pescardores a Pequena Escala o Artesanales de Columbia v. Dow Quimica de Colombia S.A.*, 988

F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, *abrogated on other grounds*, *Marathon*

*Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1988)).

Plaintiffs allege that the amount in controversy does not exceed $75,000.00.[2]  However,

---

[2]Petition For Damages, ¶ XVI.

Plaintiffs did not rebut Defendant's arguments regarding insurance policy limits and the application

of Louisiana statutes in the instant insurance claim.  Furthermore, Plaintiffs did not stipulate and

renounce damages in excess of  $75,000.00.

Plaintiffs' petition for damages, insurance policy,  and Louisiana statutes establish that

Plaintiffs' claims exceed the $75,000.00 threshold for diversity jurisdiction.

**B.      Jurisdiction pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1)(B).**

State Farm contends that jurisdiction exists pursuant to 28 U.S.C. §§ 1369 and

1441(e)(1)(B) considering: (1) Plaintiffs' claims arose from Hurricane Katrina and  (2) State Farm

was a defendant in multiple Katrina-related matters when the Notice of Removal was filed.  28

U.S.C. § 1369(a) provides that:

> [t]he district courts shall have original jurisdiction of any civil action
> involving minimal diversity between adverse parties that arises from
> a single accident, where at least 75 natural persons have died in the
> accident at a discrete location, if–
>
> (1)  a defendant resides in a State and a
>        substantial part of the accident took place in another
>        State or the other location, regardless of whether that
>        defendant is also a resident of the State where a
>        substantial part of the accident took place;
>
> (2)  any two defendants reside in different
>        States, regardless of whether such defendants are also
>        residents of the same State or States; or
>
>
> (3)  substantial parts of the accident took place in different States.

28 U.S.C. § 1441 (e)(1)(B) provides that:

> a defendant in a State court may remove the action to the district
> court of the United States for the district and division embracing the
> place where the action is pending if . . . the defendant is a party to an
> action which is or could have been brought, in whole or in part, under

section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

Federal subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1369 and/or 1441(e)(1) when the action arises from "a single accident, where at least 75 natural persons have died in the accident at a discrete location." 28 U.S.C. § 1369(a). An "accident" must be a "sudden accident, or natural event culminating in an accident, that results in death at a discrete location by at least 75 natural persons." 28 U.S.C. § 1369(c)4.

The Eastern District has consistently declined to extend jurisdiction under 28 U.S.C. §§ 1369 and 1441(e)(1) to cases arising out of Hurricane Katrina for failure to satisfy the "single accident" requirement.[3]  Therefore, 28 U.S.C. §§ 1369 and 1441(e)(1) are inapplicable. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion To Remand is **DENIED**.

New Orleans, Louisiana this 22nd day of March, 2007.

UNITED STATES DISTRICT JUDGE

---

[3] See *Southhall v. St. Paul Travelers Ins. Co.*, 2006 WL 2385365 (E.D. La. Aug. 16, 2006) (holding Hurricane Katrina was not an "accident" within the meaning of the statute); *Carroll v. Lafayette Ins. Co.*, 2006 WL 2663013 (E.D. La. September 14, 2006) (holding levee breaches throughout New Orleans fail to satisfy the statutory definition of an "accident"); *Southern Athletic Club, L.L.C. v. Hanover Ins. Co.*, 2006 WL 2583406 (E.D. La. September 6, 2006) (noting Hurricane Katrina does not satisfy the statutory definition of an "accident" and the narrow jurisdiction under 28 U.S.C. § 1369 is not intended unless there are many plaintiffs and many defendants).